IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

THOMAS H. TAYLOR, JR.                                                                           PLAINTIFF

VS.                                                              CIVIL ACTION NO. 4:06cv124-TSL-LRA

TOWN OF DEKALB, MISSISSIPPI and
KIRK MERCHANT, individually and in his
official capacity as DEKALB POLICE CHIEF                              DEFENDANTS

## **ORDER**

This cause is before the Court on Plaintiff Thomas H. Taylor, Jr.'s Motions to Compel, documents 43 & 47, and Defendants' responses thereto. Also before the Court is Plaintiff's "Motion for Default Judgment Against Defendants for Failure to Comply with Order for Production of Documents," document 61; Plaintiff's Motion to Seal Answers to Interrogatories, document 62; and, Defendants' Motion to Compel Plaintiff's Deposition and to Extend Deadlines, document 65.

In the motion to compel, document 43, Plaintiff contends that Defendant has not properly responded to his November 20, 2008, "First Request" for discovery and his December 10, 2008, "Second Request," for discovery. In these requests, Plaintiff states that his expert must perform a forensic examination of the cd/dvd/vhs tape(s) of the January 16, 2006, false arrest, and he requests that the original tape be produced to him. Defendants respond that Plaintiff had never filed a formal request for the original video tape prior to filing the motion to compel. Further, on August 9, 2007, Defendants provided a DVD containing enhanced video and audio of his arrest to Plaintiff's former counsel in this case. Defendants suggest that the original VHS video tape of the arrest may be

examined by Plaintiff's expert at Defendants' expert's office in Jackson, Mississippi, upon reasonable notice. Defendants filed a notice with the Court to that effect, document 52.

Because the original tape is now available to Plaintiff, and a copy was given to Plaintiff's attorney early in this litigation, the motion shall be denied. Plaintiff's expert may cooperate with defense counsel in order to schedule a time to examine the original tape.

Plaintiff filed his second motion to compel, document 54, requesting insurance coverage information. Defendants' response indicates that they previously provided insurance coverage information on March 26, 2007, to Plaintiff's counsel, as a part of their supplemental disclosure of core information. They attach a copy of that response. Because this information has been supplied, the motion to compel shall be denied.

Plaintiff has requested a default judgment against these Defendants, document 61, contending that they have not responded to discovery ordered by the Court. The Court has reviewed Defendants' responses to the written discovery propounded and finds the responses sufficient under the law. Accordingly, Plaintiff's motion shall be denied.

Plaintiff has requested that Defendants' interrogatory responses be sealed. However, those responses are not filed of record, and the motion will be denied.

Defendant has filed a motion asking the Court to compel Plaintiff's deposition. Plaintiff failed to appear at a properly noticed deposition on March 4, 2009, at the office of Defendants' counsel. According to Plaintiff, he has had threats from Defendants, and he refuses to be deposed in Lauderdale or Kemper County. He would "consider a deposition" if it were taken in a neutral location.

Plaintiff is advised that he is not allowed to dictate the terms of his deposition; he filed this lawsuit, and he **must** submit to a deposition. Noticing the deposition in

Lauderdale County was reasonable. Furthermore, the individual Defendants are entitled to attend Plaintiff's deposition; he sued them, and they are entitled to hear his testimony against them. Plaintiff has set forth no proof that he is in danger in Lauderdale or Kemper County. However, because Plaintiff is *pro se*, and contends that he is in danger in those counties, the Court will direct that Defendants notice the deposition in a location other than in those counties. Defendants shall give Plaintiff at least ten days notice of the deposition, and Plaintiff is ordered and directed to attend same. Defense counsel is directed to attempt to communicate with Plaintiff in an effort to find a mutually agreeable time and place; however, if unable to do so, the deposition may be taken with ten days notice. Plaintiff is advised that if he fails to attend the noticed deposition, sanctions shall be awarded against him. Plaintiff is advised that all costs of the deposition, including travel expenses, attorneys' fees, and court reporter fees, shall be assessed against him if he fails to attend and fully cooperate in his deposition. Plaintiff is ordered and directed to fully communicate with Defendants' counsel regarding the arrangements made for the taking of his deposition.

The discovery and motion deadline in this case shall be extended for a short period of time. This case was filed in 2006, and no further extensions shall be granted hereafter. It is on Judge Lee's July 6, 2009, trial calendar, and no further extensions or continuance of the trial shall be granted by the undersigned.

IT IS, THEREFORE ORDERED:

1. That Plaintiff's Motions to Compel [#43 and 47] are **denied** as moot**.** Plaintiff, and his expert, shall cooperate with defense counsel and its expert in setting a reasonable time for Plaintiff's expert to examine the original tape.

2. Plaintiff's "Motion for Default Judgment Against Defendants for Failure to Company with Order for Production of Documents," document 61, and Plaintiff's Motion to Seal Answers to Interrogatories , document 62, are **denied.**

3. Defendants' Motion to Compel Plaintiff's Deposition and to Extend Deadlines, document 65, is **granted**. **Plaintiff is directed to appear for a deposition noticed by Defendants, with ten days notice, to be taken on or before April 21, 2009**. The deposition shall be noticed at a place outside Lauderdale or Kemper Counties. Plaintiff is directed to cooperate with defense counsel in scheduling this deposition. If Plaintiff fails to appear for a properly noticed deposition, sanctions will be awarded against Plaintiff, and this case could be dismissed due to his failure to cooperate in discovery.

4. Discovery is extended until May 4, 2009, and the motion deadline is extended until May 12, 2009. No further extensions shall be granted.

SO ORDERED, this the 20th day of March, 2009.

/s/ Linda R. Anderson
UNITED STATES MAGISTRATE JUDGE